IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY GOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>    Defendants. | Case No. 21-2539-JAR-ADM |

## ORDER

This matter comes before the court on the parties' Joint Motion to Stay Discovery Until the District Court Rules on the Two Pending Dispositive Motions. (ECF 27.) Defendant United States Department of Education ("DOE") removed this Fair Credit Reporting Act ("FCRA") case from state court on November 19, 2021. (ECF 1.) On December 13, defendant Higher Education Loan Authority of the State of Missouri ("Loan Authority") filed an answer and a motion for judgment on the pleadings, arguing that plaintiff Jeffrey Good's ("Good") claims against it are barred by Eleventh Amendment immunity. (ECF 16.) On December 14, the DOE filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, arguing, *inter alia*, that the DOE has not waived sovereign immunity as to civil suits brought under the FCRA. (ECF 18 & 19.) On January 10, 2022, the final defendant—TransUnion LLC—filed an answer. (ECF 24.) The court's Initial Order Regarding Planning and Scheduling requires the parties to confer pursuant to Rule 26(f) by January 28, submit their Rule 26 initial disclosures and a planning report or proposed scheduling order to chambers by February 11, and appear for a scheduling conference on February 18 at 1:30 p.m. by telephone. (ECF 20.)

The parties have now filed a motion in which they report that they convened their Rule 26(f) conference and, when they did, they agreed that a stay of discovery would be appropriate given the issues raised in the pending dispositive motions. (ECF 27, at 2.) Therefore, the parties now ask the court to stay discovery and to vacate the February 11 planning report and Rule 26 initial disclosures deadline, as well as the February 18 scheduling conference setting, to be reset after the district judge rules on the pending dispositive motions.

The decision to stay proceedings lies within the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Given that all parties agree to a stay and the additional relief requested, the court grants the motion as unopposed. D. KAN. RULE 7.4(b) ("Ordinarily, the court will grant [an uncontested] motion without further notice.").

The motion is also granted on the merits. This District's longstanding policy is to not stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Here, at least two of these circumstances are present because pending dispositive motions raise immunity arguments, and it appears that discovery is unnecessary to resolve the motions because they are both now fully briefed. Further, the parties contend that permitting discovery on the claims against the DOE and Loan Authority would be a substantial waste of time and resources for those parties and Good if the pending dispositive motions are ultimately granted. The parties' motion is therefore also granted on this basis.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Stay Discovery Until the District Court Rules on the Two Pending Dispositive Motions (ECF 27) is granted as set forth above. Discovery is stayed pending the district judge's ruling on the DOE's and Loan Authority's respective dispositive motions. The court further vacates the February 11 deadline for the parties to exchange Rule 26 initial disclosures and submit a planning report or proposed scheduling order to chambers, and vacates the February 18 scheduling conference setting.

**IT IS FURTHER ORDERED** that, within 14 days of the court's ruling on the DOE's and Loan Authority's respective dispositive motions, the remaining parties must meet and confer and submit their Rule 26 initial disclosures and a planning report or proposed scheduling order via email to the undersigned's chambers.[1] A form scheduling order is available at *http://ksd.uscourts.gov/index.php/judge/angel-d-mitchell/*. After reviewing the parties' submissions, the court will set a scheduling conference if necessary.

**IT IS SO ORDERED.**

Dated January 26, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[1] If the court does not rule on these motions simultaneously, the remaining parties must follow this direction within 14 days of the later-issued order.