UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY GOOD,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
EDUCATION and HIGHER EDUCATION
LOAN AUTHORITY OF THE STATE OF
MISSOURI,

      Defendants.

Case No.  21-2539-JAR-ADM

**DEFENDANT UNITED STATES DEPARTMENT OF
EDUCATION'S ANSWER AND AFFIRMATIVE DEFENSES**

Comes now Defendant the United States Department of Education ("USDOE") and for its Answer and Affirmative Defenses to Plaintiff Jeffrey Good's Petition for Damages ("Complaint") (Doc. 1-1), states as follows:

**JURISDICTION**

1. Paragraph 1 contains conclusions of law to which no response is required. Answering further, USDOE acknowledges that this is an action brought by Plaintiff alleging claims under the FCRA.  USDOE denies that Plaintiff has suffered harm caused by USDOE.

2. Paragraph 2 contains conclusions of law to which no response is required.

3. Paragraph 3 contains conclusions of law to which no response is required.  To the extent a response is required, the USDOE does not dispute, and therefore admits, that pursuant to 28 U.S.C. § 1402(a)(1) a civil action against the United States may be brought in the judicial district wherein the plaintiff resides.

4. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Paragraph 6 is admitted.

## PARTIES

7. The USDOE re-alleges and incorporates its answers to Paragraphs 1 through 6 above as if fully set forth herein.

8. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9. The USDOE is without sufficient information to form a belief as to the truth of the allegation in Paragraph 9, including that USDOE lacks clarity as to what Plaintiff is alleging when he claims that USDOE is "authorized", and therefore denies the same. USDOE admits that it administers programs and coordinates financial aid for education within the District of Kansas.

10. The USDOE admits that it also understands former Defendant TransUnion to be a "credit reporting agency" or "consumer reporting agency" as the phrase is defined in 15 USC 168la(f), and therefore admits Paragraph 10.

11. The USDOE admits that it also understands former Defendant TransUnion to regularly engage in the business of furnishing consumer reports as defined in 15 USC 1681a(d) to third parties, and therefore admits Paragraph 11.

12. The USDOE is without sufficient information to form a belief as to the truth of the allegation in Paragraph 12 and therefore denies the same.

13. The allegations in Paragraph 13 pertain to Defendant MOHELA and represent legal conclusions to which no response is required. To the extent a response is required, the USDOE is without information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 13.

14. The allegations in Paragraph 14 pertain to Defendant MOHELA and represent legal conclusions to which no response is required. To the extent a response is required, the USDOE is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. The allegations in Paragraph 15 pertain to Defendant MOHELA and represent legal conclusions to which no response is required.

16. The allegations in Paragraph 16 pertain to Defendant MOHELA and represent legal conclusions to which no response is required.

17. Paragraph 17 is admitted.

18. The allegations in Paragraph 18 represent legal conclusions to which no response is required. Answering further, 15 U.S.C. 1681a(f) defines "consumer reporting agency," not "furnisher of information."

19. The USDOE admits only that the USDOE or servicers (private companies) furnish information concerning certain individuals to the credit reporting agencies. The remainder of the allegation represents a legal conclusion to which no response is required. To the extent that a response is required, USDOE denies the remaining allegations in paragraph 19.

20. The USDOE is without sufficient information to form a belief as to the truth of the allegation in Paragraph 20 and therefore denies the same.

## STATEMENT OF FACTS

21. The USDOE re-alleges and incorporates its answers to Paragraphs 1 through 20 above as if fully set forth herein.

22. The USDOE is without sufficient information to form a belief as to the truth of

the allegation in Paragraph 22 and therefore denies the same.

23. The USDOE admits that, upon information and belief, Defendant MOHELA received a dispute in or around April 2021 regarding specific tradelines identified in the letter, which speaks for itself. The USDOE is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24. The allegations in Paragraph 24 represent legal conclusions to which no response is required. To the extent a response is required, the USDOE admits that the letter, which speaks for itself, appears to identify and dispute only specific tradelines as shown in the letter. The USDOE admits that the letter states that MOHELA has 30 days to complete a reinvestigation. The USDOE is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same.

25. The USDOE admits the allegation in paragraph 25 that the Plaintiff's letter to Defendant MOHELA request that MOHELA provide a description of the procedure used to determine the accuracy and completeness of the information within 15 days of the completion of the reinvestigation.

26. The USDOE admits that upon its information and belief, Defendant MOHELA sent Exhibit A, which speaks for itself. The USDOE denies that the tradelines disputed in Plaintiff's letter were incorrectly reported, and therefore denies the allegation that there was anything for MOHELA to correct with respect to the concerns provided by Plaintiff in his letter.

27. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29. The USDOE responds that Exhibit B speaks for itself. The USDOE further responds that to the extent that the allegations are inconsistent with Exhibit B, that USDOE is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the same.

30. The USDOE responds that Exhibit B speaks for itself. The USDOE further responds that to the extent that the allegations are inconsistent with Exhibit B, that USDOE is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies the same.

31. The allegations in Paragraph 31 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32. The allegations in Paragraph 32 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the same.

33. The allegations in Paragraph 33 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the same.

### COUNT I
### TRANSUNION

## **VIOLATION OF THE FCRA, 15 15 U.S.C. § 1681 ET. SEQ.**

38. The USDOE re-alleges and incorporates its answers to Paragraphs 1 through 37 above as if fully set forth herein.

39. The allegations in Paragraph 39 pertain to former Defendant TransUnion, do not relate to the USDOE, and contain only legal conclusions and Plaintiff's restatements of the law which do not require an answer.

40. The allegations in Paragraph 40 pertain to former Defendant TransUnion, do not relate to the USDOE, and contain only legal conclusions and Plaintiff's restatements of the law which do not require an answer.

41. The allegations in Paragraph 41 pertain to former Defendant TransUnion, do not relate to the USDOE, and contain only legal conclusions and Plaintiff's restatements of the law which do not require an answer.

42. The allegations in Paragraph 42 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies the same.

43. The allegations in Paragraph 43 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

44. The allegations in Paragraph 44 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies the same.

45. The allegations in Paragraph 45 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the

truth of the allegations in Paragraph 45 and therefore denies the same.

46. The allegations in Paragraph 46 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

47. The allegations in Paragraph 47 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48. The allegations in Paragraph 48 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies the same.

49. The allegations in Paragraph 49 pertain to former Defendant TransUnion, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

## COUNT II
## MOHELA
## VIOLATION OF THE FCRA, 15 15 U.S.C. § 1681 ET. SEQ.

50. The USDOE re-alleges and incorporates its answers to Paragraphs 1 through 49 above as if fully set forth herein.

51. The allegations in Paragraph 51 pertain to Defendant MOHELA, do not relate to the USDOE, and contain only legal conclusions and Plaintiff's restatement of the law which do not require an answer.

52. The allegations in Paragraph 52 pertain to parties other than the USDOE, do not relate to the USDOE, and the USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies the same.

53. The allegations in Paragraph 53 pertain to Defendant MOHELA and to the extent the allegations specifically relate to MOHELA's conduct, the USDOE is without sufficient information to form a belief as to the truth of the allegations and therefore denies the same. Answering further, the USDOE denies all remaining allegations, including, specifically, that the tradelines disputed in Plaintiff's letter to MOHELA were incorrectly reported or in need of corrective action.

54. The allegations in Paragraph 54 pertain to Defendant MOHELA and to the extent the allegations specifically relate to MOHELA's conduct, the USDOE is without sufficient information to form a belief as to the truth of the allegations and therefore denies the same. Answering further, the USDOE denies all remaining allegations, including, specifically, that the tradelines disputed in Plaintiff's letter to MOHELA were incorrectly reported or in need of corrective action.

55. The allegations in Paragraph 55, including its subsections, pertain to Defendant MOHELA and to the extent the allegations specifically relate to MOHELA's conduct, the USDOE is without is without sufficient information to form a belief as to the truth of the allegations and therefore denies the same. Answering further, the USDOE denies all remaining allegations, including, specifically, that the tradelines disputed in Plaintiff's letter to MOHELA were incorrectly reported or in need of corrective action.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

## COUNT III
## USDOE

## VIOLATION OF THE FCRA, 15 15 U.S.C. § 1681 ET. SEQ.

60. The USDOE re-alleges and incorporates its answers to Paragraphs 1 through 59 above as if fully set forth herein.

61. The allegations in Paragraph 61 contain only legal conclusions and Plaintiff's restatements of the law which do not require an answer. To the extent a response is required, the USDOE admits that the FCRA imposes certain obligations on it to investigate disputes upon notice and to make corrections if it learns that information is incomplete or inaccurate.

62. The USDOE is without sufficient information to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies the same. Answering further, the USDOE specifically denies that the tradelines disputed in Plaintiff's letter to MOHELA were incorrectly reported or in need of corrective action.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

## PRAYER FOR RELIEF

Further Answering, the USDOE denies that Plaintiff is entitled to any relief from the USDOE as sought in the unnumbered ("Wherefore") clauses at the end of Counts II and III of the Complaint. The USDOE further denies that any relief should be awarded against the USDOE pursuant to the allegations in the Complaint.

## JURY DEMAND

The claims in this suit against the United States shall be tried by the court without a jury pursuant to 28 U.S.C. § 2402.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of the USDOE and, to the extent Plaintiff has damages, such damages may have been caused by Plaintiff's own actions, inactions, and Plaintiff's failure to mitigate his damages.

### SECOND DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of the USDOE and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to Plaintiff, Experian, Trans Union, Equifax, or other individuals or entities as may be revealed in discovery, over whom the USDOE has no control and for whom the USDOE has no responsibility.

### THIRD DEFENSE

Plaintiff has suffered no injury-in-fact and does not have standing to assert his claims against the USDOE. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

### FOURTH DEFENSE

Plaintiff failed to plead facts plausibly supporting his allegations that the alleged violations, which are covered by the FCRA and which the USDOE deny exist, were either willful (15 U.S.C. § 1681n) or negligent (15 U.S.C. § 1681o).

### FIFTH DEFENSE

Plaintiff cannot meet the heightened standards required under 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## SEVENTH DEFENSE

Plaintiff cannot prevail on his claims against the USDOE because the USDOE acted in good faith conformity with and in reliance upon all applicable laws, rules, and regulations, and was further privileged in its actions.

## EIGHTH DEFENSE

Plaintiff cannot prevail on his claims against the USDOE because the USDOE did not act with negligence, willful intent to injure, or in conscious disregard of the rights of Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they concern tradelines reported by nonparties or for which plaintiff gave no notice of dispute to the USDOE and/or MOHELA pursuant to 15 U.S.C. 1681i(a)(2).

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because USDOE and or MOHELA's reports concerning Plaintiff were true or substantially true at the time they were made. Moreover, USDOE and MOHELA have not willfully or maliciously published any untrue information with respect to Plaintiff's credit.

## ELEVENTH DEFENSE

In the event that a settlement is reached between Plaintiff and any other defendant, the USDOE is entitled to any settlement credits or offset permitted by law.

## TWELFTH DEFENSE

The USDOE complied with the provisions of the FCRA, 15 U.S.C. § 1681, *et seq.*, in its handling of Plaintiff's credit. Furthermore, the USDOE acted in good faith in conformity with the applicable statutes, rules, regulations, and/or interpretations. Accordingly, the USDOE is entitled to each and every defense and limitation of liability provided by those statutes and regulations.

## THIRTEENTH DEFENSE

Upon information and belief and subject to further investigation, Plaintiff's FCRA claims against USDOE are barred, in whole or in part, by the applicable two-year statute of limitations (15 U.S.C. § 1681p).

## FOURTEENTH DEFENSE

Plaintiff has failed to plead facts plausibly supporting his allegations of improper withholding of corrective action under 15 U.S.C. § 1681 when his dispute letter(s) failed to give notice of the same alleged inaccuracies upon which Plaintiff sets forth his claims in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because he seeks redress from the USDOE and MOHELA concerning his alleged disputes over the credit reporting of nonparty, Maximus Federal Services, Inc.  Plaintiff's claims are barred because neither the USDOE nor Maximus Federal Services, Inc received the required statutory notice of dispute pursuant to 15 U.S.C. 1681i(a)(2) of the claims asserted by Plaintiff.

## SIXTEENTH

The USDOE incorporates the defenses raised by other defendants in response to Plaintiff's Complaint.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

/s/ *Steven W. Brookreson, II*
STEVEN W. BROOKRESON, II
KS #28160
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101 Phone: (913) 551-6730
Facsimile: (913) 551-6541
E-mail: steven.brookreson@usdoj.gov

*Attorneys for the United States*

- 13 -