AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | | |
|---|---|---|
| JEFFREY GOOD | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-02539 |
| UNITED STATES DEPARMENT OF EDUCTION et. al. | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Maximus, Inc.
1600 Tysons Blvd. Floor, McLean, VA 22102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attached Exhibit A

| Place: Evans & Mullinix, P.A.   ATTN: Mark D. Molner<br>7225 Renner Road, Suite 200<br>Shawnee, Kansas 66217 | Date and Time:<br><br>05/30/2025 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/16/2025

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff,
Jeffrey Good                                                                   , who issues or requests this subpoena, are:
Mark D. Molner - Evans & Mullinix, P.A. - 7225 Renner Road, Suite 200, Shawnee, KS 66217 - mmolner@emlawkc.com - 913-962-8700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY GOOD,<br><br>                Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION, et al.,<br>                Defendants. | Case No. 2:21-cv-02539 |

### EXHIBIT A to PLAINTIFF'S SUBPOENA FOR DOCUMENTS

<u>Please produce the following:</u>

      1.      Please produce all documents relating to Plaintiff, Jeffrey L. Good, or which are indexed, filed or retrievable under Plaintiff's name or any number, designation or code (such as an account number or Social Security number, ending 7759) assigned to Plaintiff.

      2.      Please produce all documents reflecting any complaints regarding the accuracy of any of Jeffrey Good's credit lines, including those complaints provided to you by Plaintiff, the United States Department of Education, any of the credit reporting agencies (Equifax, Experian, TransUnion, etc.), the Higher Education Loan Authority for the state of Missouri ("MOHELA"), or other third parties.

      3.      Please produce all correspondence between you and Plaintiff or any third party regarding any dispute as to the accuracy or completeness of any information reported to the credit reporting agencies.

      4.      Please produce all documents or communications between you and the United States Department of Education regarding the servicing, assignment, or transfer of any of Plaintiff's loans.

      5.      Please produce all documents or correspondence between you and MOHELA regarding the assignment or transfer of any Loans belonging to or attributable to Plaintiff.

      6.      Please produce any documents relied upon in the investigation into any of Plaintiff's disputes regarding the accuracy or completeness of any credit lines or credit reporting.

      7.      Please produce any documents, including letters, notices, memoranda, etc. that notify or advise Plaintiff of any investigation performed by Maximus into any complaints regarding the accuracy or completeness of Plaintiff's credit report, including but not limited to, the investigation procedures followed, any conclusions made, or requests for additional information.

8. Please produce any documents that show, relate, or refer to the methods and frequency of communication between you and United Stated Department of Education regarding Plaintiff's loans.

9. Please produce any documents that show, relate, or refer to the assignment (or transfer) of any Loan, including agreements between the assignor (transferor) and the assignee (transferee) relating to the assignment of obligations on the Loan.

10. Please produce all correspondence, phone logs, internal memoranda or notes concerning any disputes and requests for information pertaining to the accuracy of Plaintiff's Loan and/or information reported to any credit reporting agency.

11. Please produce all documents reflecting any notice to Plaintiff of any assignment or transfer of any Loan.

12. Produce any documents reflecting any agreement between you and United States Department of Education that may apply to the servicing of Plaintiff's Loan, including but not limited to, loan servicing agreements, pooling and servicing agreements, or indemnification agreements.

13. Produce any documents or communications between you and United States Department of Education that notify United States Department of Education of any suspected, purported, or actual violations of any agreement between you and United States Department of Education, including but not limited to any violation of any servicing standards, from the time when United States Department of Education began servicing Plaintiff's Loan to the present date.

14. Please produce all ledgers or other documents reflecting payments, credits, late charges, other charges, rebates and refunds posted to Plaintiff's accounts.

15. All documents related to procedures in place to prevent inaccurate information from being furnished about Plaintiffs or appearing in Plaintiffs' file within three years preceding the filing of the Complaint to the present.

16. All documents, manuals, guides or other materials relating to how investigations of disputed information occur that Defendant possesses or has possessed within the three years preceding the filing of the Complaint to the present.

17. All documents, including the relevant portions of the Admin Handbook, stating the meaning or definition of any codes, shorthand, terms or abbreviations appearing in any of the requested documents.

**21.** All documents containing the current names addresses and contact information of persons who communicated with Plaintiff or any consumer reporting agency related to the Student Loan Accounts, worked on any aspect of Plaintiff's disputes or altered any information in Plaintiff's files related to the Student Loan Account within three years preceding the filing of the

Complaint to the present. **Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.**

Submitted this 16th day of April, 2025.                    EVANS & MULLINIX, P.A.

*/s/ Mark D. Molner*
MARK D. MOLNER KS# 24493
7225 Renner Road, Suite 200
Shawnee, Kansas 66217
Telephone: (913) 962-8700
Facsimile: (913) 962-8701
Email: mmolner@emlawkc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent to counsel for Defendants, whose contact information is set forth below, by electronic mail and U.S. Mail on this 16th Day of April, 2025, as well as to the party responding to the same pursuant to the applicable rules.

| | |
|---|---|
| Office of the United States Attorney<br>District of Kansas<br>Christopher Allman<br>Assistant United States Attorney<br>Chief, Civil Division<br>500 State Avenue, Suite 360<br>Kansas City, Kansas 66101<br>(913) 551-6730 (telephone)<br>(913) 551-6541 (facsimile)<br>Email: chris.allman@usdoj.gov<br>*Counsel for US Dept. of Education* | THOMPSON COBURN, LLP<br>Matthew D. Guletz<br>One US Bank Plaza<br>St. Louis, MO 63101<br>(314) 552-6311 (telephone)<br>(314) 602-6311 (facsimile)<br>Email: mguletz@thompsoncoburn.com<br>*Counsel for Defendant MOHELA*<br><br>*/s/ Mark D. Molner*<br>Mark D. Molner |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).